## CIRCUIT COURT OF THE CITY OF RICHMOND

Catherine Linda Butler McGuinn

v.

Roger Dean McGuinn

January 15, 1975

By JUDGE ALEX H. SANDS, JR.

This will acknowledge [the] letter of January 3, 1975, in the above matter. In the first place . . . there are now three cases, two of which are pending on our docket, involving this affair. The first is the case which was instituted by Mrs. McGuinn for divorce on July 27, 1966. This case should be dismissed. The second case is, of course, the one in which Judge Compton entered final decree, which Mrs. McGuinn now seeks to attack in the third suit filed on September 11, 1974.

This is a very unusual situation, and I have discussed it with my two colleagues and we are all of the same view as to the appropriate procedure. While it is true that a final divorce decree may be vacated at any time upon a showing that it was procured by fraud, we question the fact that this decree should be vacated even though depositions establish that Mr. McGuinn testified falsely at the time the depositions were taken. The reason for this is that at the time the decree was entered, the parties had been actually living separate and apart for two years and either was entitled to a divorce at the time upon that mere showing. The fact that Mr. McGuinn may have testified falsely both as to lack of knowledge of the defendant's whereabouts and as to the number of children, neither of these facts affects the actual rights of the parties on the facts of the case to a divorce.

The fact that Mr. McGuinn has, according to [the] depositions testified falsely, would subject him to proceedings of a criminal nature. Also, the question of parenthood of the other child can be raised in the proceeding in which the final divorce was granted by filing a petition reinstating the cause and seeking proper support for both children.

Insofar as the incorrect date of marriage is concerned, this would be of no importance, as this is purely a clerical error that could be corrected at any time.

It would, therefore, appear that Mrs. McGuinn's interest and that of the children can be protected by a petition to reinstate the September, 1973, final decree for purposes of establishing the children's right to support.